Opinion of the Court, by
Judge Míli.s.
A DEBTOR was committed under a capias ad satisfy* c*enctu,n h"01?1 the general court, and he surrendered his schedule and took the oath of insolvency. In his schedule a debt was given up as due by the plaintiff in *53 error. A summons was (hen issued in the name of (be sergeant of (he court of appeals, for the use'of the original creditors, against the plaintiff in error, and judgment thereon was rendered by default, for the amount of the debt named in the schedule; and to reverse this judgment, this writ of error is prosecuted.
(1) The estate in posses-' sion of a debt- or arrested by a ca. sa. ' from the general court & discharged under the insolvent laws, does not vest in the sergeant, but in the sheriffs o'f the several counties where it is situated.
(2) The choses in action of an insolvent debt- or discharged from imprisonment by -a ca. sa. from the general court, vest in the sheriffs. The proceeding to recover them must be. in the name of the sheriff of the county where the. deblor of the insolvent resides, not in the sergeant’s name.
*53 (1) The only question deemed worthy of notice, is, can such proceedings be had in the name of the sergeant, as are maintained in other courts, whose jurisdiction is confined to the respective counties, in the names of their respective sheriffs?
As the sergeant was intended to stand in the same relation to, and perform the same duties in this and the general court, as the sheriffs of the several counties sustain aisd perform to and for their respective courts, and to be a state officer for the courts of general jurisdiction, as the sheriffs are officers of the counties, we arc inclined, by the analogy of the cases, to affix to the sergeant the same powers and duties as sheriffs, so far as any liberal interpretation of the acts of assembly creating that office and defining his powers and duties, will permit; but to substitute the sergeant for the sheriff of every county, in this instance, extends beyond construction. By the execution law, which regulates the estate surrendered by insolvents, the lands, tenements, hereditaments, and all goods and chattels whatsoever, in the schedule contained, shall be vested in the sheriff of the county wherein they are situated. 1 Dig. L. K. 491. There is no clause relative to sergeants, which thus vests the title of the estate surrendered, my is there any clause which repeals this invéstiture in the sheriffs, in cases of executions from the general court; nor can an implied repeal be urged, from the language used. Of course, the title is vested in the sheriffs of the respective counties where the goods and chattels are found, in the cases of executions from the general court, as well as other courts, and in their names the proceedings must be had, and not in the . name of the sergeant. It is true, that the title of chattels executed, or a qualified property therein, is said to be in the sheriff until sold. Tills may hold equally true with Tegard to the sergeant. But this is by common law, and the case we are now considering is a vesting pf title, in a special case, by statute, and the estate must go as the statute has directed, in all such *54 eases, until the legislature shall poiné 6ut the cases where the title shall vest in a different 6'fficer.
Monroe, for plaintiff; Bibb,, for defendant.
(2) It follows, therefore, that the demand here recovered was vested in the sheriff óf the county where the plaintiff in error, who was charged with the debt, resided, and that the proceeding ought to have been had in his name, and not the name- of the sergeant, who had no' legal title to the debt.
The judgment rpust, therefore, be. reversed with costs against the relators, who have sued in the name of the sergeant, and the cause be remanded, with directions there to dismiss the proceedings with costs.